IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHAWN D. HOPKINS, | : |
| Plaintiff, | : |
| v. | : Civ. No. 17-496-RGA |
| HAROLD S. MCTEER, IV, et al., | : |
| Defendants. | : |

### MEMORANDUM ORDER

At Wilmington, this 14 day of December, 2017, having considered Plaintiff's request for counsel (D.I. 8);

IT IS ORDERED that the request for counsel (D.I. 8) is **DENIED** without prejudice to renew, for the reasons that follow:

1. **Introduction.** Plaintiff Shawn D. Hopkins, an inmate at the Central Violation of Probation Center in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983. He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5).

2. **Requests for Counsel.** Plaintiff seeks counsel on the grounds that he is unskilled in the law, the legal issues are complex, his imprisonment hampers his ability to investigate the matter, he does not have the ability to present his own case, and expert testimony will be necessary, counsel would serve the best interest of justice, and his allegations is proved would establish a constitutional violation. In addition, Plaintiff states that he is legally disabled under 42 U.S.C. § 12102. (D.I. 8). Plaintiff does not indicate how he is disabled.

3.  A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel. *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law.[1] *Tabron*, 6 F.3d at 155.

4.  After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel. Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. *See Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56. The list is not exhaustive, nor is any one factor determinative. *Tabron*, 6 F.3d at 157.

5.  Assuming, solely for the purpose of deciding this motion, that Plaintiff's claims have merit in fact and law, several of the *Tabron* factors militate against granting

---

[1] *See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request.").

2

his request for counsel. After reviewing Plaintiff's complaint, the Court concludes that the case is not so factually or legally complex that requesting an attorney is warranted. In addition, to date Plaintiff has ably represented himself in this case. In light of the foregoing, the Court will deny without prejudice to renew Plaintiff's request for counsel. Should the need for counsel arise later, one can be sought at that time. Accordingly, Plaintiff's request for counsel (D.I. 8) is denied without prejudice to renew.

                                                         */s/ Richard G. Andrews*
                                                         UNITED STATES DISTRICT JUDGE